City of Ennis, a Self-Insured Governmental Entity v. William J. Bryant















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-190-CV

     CITY OF ENNIS, A SELF-INSURED
     GOVERNMENTAL ENTITY,
                                                                              Appellant
     v.

     WILLIAM J. BRYANT,
                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 57323
                                                                                                                   

MEMORANDUM OPINION
                                                                                                                   

      William J. Bryant filed suit against the City of Ennis to recover worker’s compensation disability
benefits because of a heart attack he suffered while in the course and scope of his employment as a
police officer. A jury found that Bryant was entitled to these benefits, and the City appealed.
      The parties have filed an “Agreed Motion to Dismiss Appeal and Cause.” They ask that we
vacate the judgment of the trial court and “dismiss the appeal and cause” in accordance with a
settlement agreement they have reached. 
      In relevant portion, Rule 42.1 of the Texas Rules of Appellate Procedure provides:
(a) The appellate court may dispose of an appeal as follows:
(1) in accordance with an agreement signed by all parties or their attorneys and
filed with the clerk; or
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no party may be prevented from seeking any relief
to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a). Rule 43.2 provides in pertinent part that this Court may: (e) vacate the
trial court’s judgment and dismiss the case; or (f) dismiss the appeal. Id. 43.2(e), (f) (emphasis
added).
      The motion states that the parties have agreed to a settlement of their disputes. The motion is
signed by attorneys for both parties. The parties request that we “vacate the judgment of the trial
court and dismiss this appeal and cause” in accordance with their settlement agreement. They also
ask that costs be assessed against the party incurring same.
      Dismissal of this case necessarily means a dismissal of this appeal in addition to a dismissal of
the underlying proceedings. Accordingly, we vacate the judgment of the trial court and dismiss the
case. Id. 43.2(e); see Young Materials Corp. v. Smith, No. 10-99-114-CV, slip op. at 3, 1999 WL
815694, at *1 (Tex. App.—Waco Oct. 13, 1999, no pet. h.) (per curiam). Costs are taxed against
the party incurring same.
                                                                                     PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed
Opinion delivered and filed October 27, 1999
Do not publish